940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD A. VAUGHN, DDS, P.C., Plaintiff-Appellee,
v.
Fred BALDWIN, Defendant-Appellant,
v.
John DOE, Mary Roe, Defendants.
 No. 90-1973.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1991.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr., and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant/appellant Fred Baldwin, a special agent with the Internal Revenue Service ("IRS"), and other unnamed IRS agents appeal from the district court's denial of his motion for summary judgment, under Fed.R.Civ.P. 56, in this Bivens[1] action brought against him by plaintiff Richard A. Vaughn, D.D.S., P.C., a Michigan corporation, alleging fourth and fifth amendment violations under the United States Constitution. Specifically, defendant argues that plaintiff's failure to present a supporting affidavit or any evidence supporting his allegation of an "agency" relationship between the IRS and an unnamed confidential source compels a grant of summary judgment in his favor under Rule 56(e). For the reason stated below, the district court's denial of defendant's motion for summary judgment is reversed.
 
 BACKGROUND
 
 2
 Plaintiff is a Michigan Dental Corporation wholly owned by Richard A. Vaughn, a dentist. Since early 1988, the IRS has been conducting a civil audit of Dr. Vaughn's 1986 personal income tax return. Later in 1988, upon information provided by a confidential source, the IRS began a criminal investigation of plaintiff corporation for possible violations of federal tax laws.[2] Upon learning of the existence of the confidential source, plaintiff filed the present lawsuit against defendant alleging violation of his fourth and fifth amendment rights.
 
 
 3
 Plaintiff's amended complaint, filed on January 18, 1990 alleged, inter alia, that the confidential source, acting as an agent for the IRS, unlawfully took possession of certain documents kept in its offices. Defendant's motion for summary judgment, filed on September 1, 1989, alleged that plaintiff had failed to state a claim for which relief could be granted and that the action was barred by the doctrine of qualified immunity. Attached to the motion was a sworn declaration by Baldwin setting forth his role in the investigation of plaintiff and refuting any inference that the confidential source was an agent of the IRS.
 
 
 4
 On July 24, 1990, the district court issued an opinion denying defendant's motion for summary judgment, ruling that: (1) plaintiff had stated a viable Bivens action against Baldwin; and (2) defendant's qualified immunity defense did not support dismissal since a genuine issue of fact existed regarding whether Baldwin encouraged or instigated an illegal search. Defendant appeals the district court's denial of his motion for summary judgment.
 
 ANALYSIS
 
 5
 Defendant argues that the district court had no choice but to grant him summary judgment since plaintiff failed to offer any evidence contradicting or refuting Baldwin's affidavit establishing the lack of an agency relationship between himself and the confidential source. This court's review of an order denying summary judgment is governed by the abuse of discretion standard. Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 6
 Although plaintiff acknowledges that it did not attach any supporting affidavits or other evidence to its response to Baldwin's motion for summary judgment, plaintiff contends that no such evidence was available since: (1) the IRS had exclusive control over evidence bearing on the "agency" issue; and (2) discovery had been stayed on February 16, 1990 pending the district court's decision on the summary judgment motion.
 
 
 7
 Defendant correctly points out that, once the moving party has met its burden of showing the absence of disputed material facts, Rule 56(e) requires that the nonmoving party produce some evidence in support of its allegations supporting the claim. Rule 56(e) states:
 
 
 8
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
 
 
 9
 Fed.R.Civ.P. 56(e) (emphasis added); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); First Nat'l Bank of Arizona v. City Services, 391 U.S. 253, 289, reh'g denied, 393 U.S. 901 (1968). Under Rule 56(e), plaintiff must set forth specific facts, by affidavit or otherwise, independent of the allegations in the complaint, to refute the moving party's affidavit. Plaintiff has offered nothing to contradict defendants' affidavit which establishes that there was no "agency" relationship between the IRS and the confidential source.
 
 
 10
 When plaintiff seeks to prevent a grant of summary judgment based on the lack of discovery, Rule 56(f) requires an affidavit to that effect. Rule 56(f), provides:
 
 
 11
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
 
 
 12
 Fed.R.Civ.P. 56(f) (emphasis added). No such affidavit was filed in this case. Thus, summary judgment should have been granted in favor of defendant.
 
 
 13
 REVERSED.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 Throughout this litigation, the IRS has asserted its privilege to keep the source's identity confidential